**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEVIN SAUNDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13 C 8399 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Devin Saunders' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court dismisses Saunders' Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f)(1).[1] Also, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**FACTUAL BACKGROUND**

On March 22, 2011, a federal grand jury returned an indictment against Saunders charging him with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count One); attempted possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On March 29, 2011, Saunders entered a plea of not guilty to all counts of the indictment.

---

[1] Saunders' reply brief was due on or before January 10, 2014. To date, Saunders has not filed his reply brief nor a motion for an extension of time to file any such reply.

On March 8, 2012, a superseding information charged Saunders with conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) (Count One); and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). Also on March 8, 2012, pursuant to a written plea agreement, Saunders pleaded guilty to both counts of the superseding information. As part of Saunders' plea agreement, he agreed to waive his right to appeal his conviction and sentence and his right to a collateral attack in a motion brought pursuant to 28 U.S.C. § 2255.

On May 23, 2012, the Court sentenced Saunders to 93 months in prison to be followed by three years of supervised release. The Court entered judgment on May 29, 2012. Saunders did not file an appeal. On November 18, 2013, Saunders filed the present Section 2255 motion.

## ANALYSIS

### I. Statute of Limitations – 28 U.S.C. § 2255(f)(1)

Respondent maintains that Saunders motion is untimely under the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1). In general, a federal prisoner has one year from the date on which his judgment became final to file a Section 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Latham v. United States,* 527 F.3d 651, 651 (7th Cir. 2008); 28 U.S.C. § 2255(f)(1). A judgment is "final" for purposes of Section 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

2

Saunders did not file a notice of appeal, and thus he did not have the right to file a writ of certiorari because he was never "in" the Court of Appeals. *See Latham,* 527 F.3d at 652-53; 28 U.S.C. § 1254. Therefore, Saunders' one-year limitations period began to run fourteen days after the Court entered judgment, namely, the time in which he was required to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). *See Clark v. United States,* 703 F.3d 1098, 1100 (7th Cir. 2013); *United States v. Neff,* 598 F.3d 320, 322 (7th Cir. 2010). Because the Court entered judgment on March 29, 2012, Saunders' judgment became final fourteen days later on April 12, 2012. As such, Saunders had until one year later to file the present Section 2255 motion, namely, April 13, 2013. *See* Fed.R.Civ.P. 6(a)(1)(A) ("exclude the day of the event that triggers the period"). Saunders filed the present Section 2255 motion on November 18, 2013, and thus it is untimely.[2]

Because Section 2255's statute of limitations is not a jurisdictional limitation, courts can toll it. *See Estremera v. United States,* 724 F.3d 773, 775 (7th Cir. 2013); *Clark,* 703 F.3d at 1101. First, the one-year limitations period is subject to equitable tolling, which courts grant only if extraordinary circumstances beyond the petitioner's control prevented him from the timely filing of his Section 2555 motion. *See Holland v. Florida,* 560 U.S. 631, ___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Also, Section 2255(f) provides for statutory tolling as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

---

[2] The present motion's envelope was not postmarked. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (motion considered "filed" on date prisoner deposits motion in prison mail system).

3

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also Clarke,* 703 F.3d at 1100.

Construing his pro se filings liberally, *see Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013), Saunders argues that the Court should toll the one-year limitations period under Section 2255(f)(3) because the United States Supreme Court's May 28, 2013 decision in *McQuiggin v. Perkins*, ___U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), recognized that actual innocence could toll federal habeas limitations periods. More specifically, in *McQuiggin*, the Supreme Court held that claims of actual innocence, also known as the fundamental miscarriage of justice exception to procedural default, could also excuse the statute of limitations set forth in 28 U.S.C. 2244(d)(1) for habeas cases brought pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2254. *See id.* at 1928. The *McQuiggin* Court, however, made no mention of tolling the statute of limitations period for motions to vacate, set aside, or correct a sentence brought pursuant Section 2255. Further, Saunders fails to make any arguments why this Court should extend the *McQuiggin* holding to Section 2255 motions.

4

Even if a claim of actual innocence could toll the statute of limitations for Section 2255 motions, Saunders has not established his actual innocence. As the *McQuiggin* Court explains "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 320, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). To be credible, a claim of actual innocence "requires a petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup,* 513 U.S. at 324.

Here, Saunders states that he "has just recently obtained newly discovered evidence that his conviction was illegal" based on the theory of entrapment. In support of his argument, Saunders attaches two articles from *USA Today* that discuss drug stings. Saunders' bare-boned argument supported by newspaper articles fails to fulfill the *Schlup* standard, namely, that no reasonable jury would convict him based on the newspaper articles. *See Hayes v. Battaglia,* 403 F.3d 935, 938 (7th Cir. 2005) ("To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim."). Moreover, Saunders makes no mention of his actual innocence in his affidavit in support of his Section 2255 motion. *See Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006) (allegations in affidavit or motion signed under penalty of perjury are evidence by which district court may judge sufficiency of petitioner's claims). As such, Saunders has not established that actual innocence tolled Section 2255's

5

statute of limitations under the circumstances, therefore, the Court does not reach the merits of his claim.[3]

## II.  Waiver

Even if Saunders' Section 2255 claims were not time-barred, the Court could not reach the merits of his claims because he unequivocally waived his right to file the present collateral attack in his written plea agreement.  *See Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable").  Indeed, pursuant to his written plea agreement and Seventh Circuit case law, the only claim Saunders can bring in his Section 2255 motion must pertain to "a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation."  *See Hurlow v. United States,* 726 F.3d 958, 964 (7th Cir. 2013).  Construing Saunders' pro se petition liberally, he does not raise a claim of involuntariness or challenge his attorney's conduct in negotiating his waiver.  Accordingly, Saunders has waived his right to collaterally challenge his conviction and sentence pursuant to Section 2255.

## III.  Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Accordingly, the Court must determine whether to grant

---

[3] The Court notes Saunders' argument based on the United States Supreme Court's ruling in *Alleyne v. United States*, ___U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), is unavailing because Saunders admitted to the facts underlying his mandatory minimum sentence under 18 U.S.C. § 924 (c)(1)(A) in his written plea agreement.  *See United States v. Warneke,* 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case.").

Saunders a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a Section 2255 motion; instead, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Saunders is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *United States v. Fleming,* 676 F.3d 621, 625 (7ht Cir. 2012). Under this standard, Saunders must demonstrate that reasonable jurists would find the Court's assessment of his Section 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, the Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling that the statutory tolling provision pursuant to 28 U.S.C. § 2255(f)(3) does not apply under the circumstances, and that, consequently, Saunders' Section 2255 motion is untimely. Further, jurists of reason would not debate or disagree with the Court's conclusion that Saunders waived his right to bring the present collateral attack in the first instance. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court dismisses Petitioner Devin Saunders' Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f)(1). Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** January 17, 2014

                                    **ENTERED**

                                    */s/ Amy J. St. Eve*
                                    **AMY J. ST. EVE**
                                    **United States District Court Judge**